UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRACEY BROSCH,

        Petitioner,

                                           CASE NO. 14-13391
v.                                      HONORABLE DENISE PAGE HOOD

MILLICENT WARREN,

        Respondent.

_____/


**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY**
**JUDGMENT AND DISMISSAL OF THE HABEAS PETITION,**
**DENYING AS MOOT PETITIONER'S MOTION FOR IMMEDIATE RELEASE,**
**DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE, AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT**
**GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter has come before the Court on petitioner Tracey Brosch's *pro se* habeas

corpus petition under 28 U.S.C. § 2254. Also pending before the Court are Petitioner's

motion for immediate release from custody and respondent Millicent Warren's motion for

summary judgment and dismissal of the petition. Petitioner is challenging her 2006 state

conviction for one count of first-degree child abuse. Respondent argues in her pending

motion for summary judgment and dismissal of the petition that Petitioner failed to comply

with the one-year statute of limitations. For the reasons given below, the Court agrees that

the habeas petition is time-barred. Consequently, Respondent's motion will be granted,

and the habeas petition will be dismissed as time-barred. Petitioner's motion for immediate

release will be denied as moot because it appears that she has already been released from

state custody.

## I. BACKGROUND

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of first-degree child abuse, Mich. Comp. Laws § 750.136b(2).  The conviction arose from allegations that Petitioner abused her fourteen-month-old adopted daughter.  On August 1, 2006, the trial court sentenced Petitioner to imprisonment for eight to fifteen years.

On appeal from her conviction and sentence, Petitioner alleged that (1) the prosecutor committed misconduct during closing arguments, (2) there was insufficient evidence to support her conviction, (3) the trial court abused its discretion when it departed from the state sentencing guidelines, (4) her trial attorney was ineffective, and (5) the trial court was biased.  The Michigan Court of Appeals affirmed Petitioner's conviction after determining that none of her claims warranted relief.  *See People v. Brosch*, No. 273060, 2008 WL 540301 (Mich. Ct. App. Feb. 28, 2008).  Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but on April 25, 2008, the Michigan Supreme Court returned her application because it was late.

Several years later on March 7, 2012, Petitioner submitted a motion for relief from judgment to the state trial court, along with a motion for release on bond and a motion for permission to file a brief exceeding fifty pages.  The state trial court denied Petitioner's motion to file a brief exceeding fifty pages and returned Petitioner's motion for relief from judgment without filing it.  *See People v. Brosch*, No. 06-206798-FH (Oakland County Cir. Ct. Mar. 8, 2012).  Petitioner appealed the trial court's order, but the Michigan Court of Appeals denied leave to appeal without explanation, *see People v. Brosch*, No. 311915 (Mich. Ct. App. June 14, 2013), and on September 30, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues, *see People v.*

2

*Brosch,* 495 Mich. 868; 843 N.W.2d 143 (2013).

On August 25, 2014, Petitioner signed and dated her habeas corpus petition, and on September 2, 2014, the Clerk of this Court filed the habeas petition. Petitioner raises fourteen issues: her statement to a detective; the prosecution's use of allegedly false facts in a police report and pre-sentence investigation report; the right to confront witnesses; the right to counsel of choice; the seating of a biased juror; the trial court's evidentiary rulings; the sufficiency of the evidence; the jury instructions; the sentence; appellate counsel; trial counsel; the prosecutor; and the trial judge. In her motion for immediate release from custody, Petitioner alleges that she is entitled to release on her own recognizance because she is being held in violation of her constitutional rights.

As noted above, Respondent contends in her motion for summary judgment that Petitioner's claims are barred from substantive review by Petitioner's failure to file a timely habeas petition. Petitioner replies that she is innocent and that she is entitled to equitable tolling of the limitations period.

## II.  ANALYSIS

### A.  The Statute of Limitations

#### 1.  28 U.S.C. § 2244(d)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' " *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

### 2. Application

Petitioner asserts in her habeas corpus petition that she had one year from the Michigan Supreme Court's denial of her application for leave to appeal on September 30, 2013, to file her habeas corpus petition. *See* Pet. for Writ of Habeas Corpus, page 15. The Supreme Court, however, has stated that the "AEDPA generally requires a federal habeas petition to be filed within one year of the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A)." *Kholi*, 131 S.Ct. at 1282-83. "Direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the

4

"expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The trial court sentenced Petitioner on August 1, 2006, and on February 28, 2008, the Michigan Court of Appeals affirmed Petitioner's conviction. Petitioner had fifty-six days (until April 24, 2008), to file an application for leave to appeal in the Michigan Supreme Court. Mich. Ct. R. 7.302(C)(2). Because her application to the state supreme court was rejected as untimely, her conviction became final on April 24, 2008, when the deadline expired for seeking review in the Michigan Supreme Court during the direct appeal. *Gonzalez*, 132 S. Ct. at 653-54. The habeas statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it expired one year later on April 24, 2009.

The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner, however, did not attempt to file her motion for relief from judgment in state court until March 7, 2012. By then, the one-year habeas statute of limitations had expired. Her attempt to file the post-judgment motion did not re-start the clock at zero, nor revive a limitations period that had already run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); *see also Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002) (explaining that the state supreme court's decision on a delayed appeal did not restart the limitations period and that, even if the petitioner were to file a motion for delayed appeal now, it would not affect the one-year statute of limitations because the limitations period

5

had already run).  The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Rashid*, 991 F. Supp. at 259.  Petitioner's habeas petition, therefore, is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.

### B.  Equitable Tolling

Petitioner has asked the Court to equitably toll the limitations period.  The Supreme Court has held that the habeas statute of limitations "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  But "a 'petitioner' is 'entitled to equitable tolling' only if [she] shows '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

On direct appeal, Petitioner submitted an untimely application to the Michigan Supreme Court.  Then she waited almost four years before submitting a post-judgment motion to the state trial court.  And, after the State's appellate courts denied leave to appeal the trial court's rejection of Petitioner's post-judgment motion, she waited almost another year to submit her habeas corpus petition to this Court.

 Petitioner claims that she was trying to exhaust state remedies for her claims before presenting them to this Court and that her appellate attorney hindered her efforts to exhaust state remedies by not raising all her claims during her direct appeal. This

6

contention does not justify equitable tolling of the limitations period, because Petitioner could have filed her habeas petition in a timely manner and then moved for a stay while she pursued state remedies. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) (explaining the "stay and abeyance" procedure, which enables federal courts to hold a habeas petition in abeyance while the prisoner returns to state court to exhaust state remedies for previously unexhausted claims). The Court concludes that Petitioner was not diligent in pursuing her claims and that no extraordinary circumstance stood in her way of filing a timely habeas petition.

### C.  Delayed Starts

Petitioner alleges that she did not receive discovery materials until July of 2011, and that she needed the discovery materials to support her claim that her daughter was not abused, but merely a sick little girl who suffered a medical emergency. The limitations period can begin to run from the date on which a state-created impediment to filing an application is removed or the date on which the factual predicate for a claim could have been discovered. 28 U.S.C. § 2244(d)(1)(B) and (D). Petitioner, however, states that she received the necessary discovery materials on July 12, 2011. She then waited almost eight months (until March 7, 2012) to submit her motion for relief from judgment to the state trial court. She also waited almost eleven months (from September 30, 2013, to August 25, 2014) to submit her habeas corpus petition to this Court after the Michigan Supreme Court denied leave to appeal the trial court's rejection of her motion for relief from judgment. Therefore, even if the Court delayed the start of the limitations period until July 12, 2011, the limitations period ran for approximately nineteen months or more than one year.

### D.  Actual Innocence

7

The Supreme Court has held that a claim of actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of the petitioner's claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court nevertheless cautioned that

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup* [*v. Delo*, 513 U.S. 298, 329 (1995)]; see *House* [*v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*Id.*

The evidence against Petitioner was substantial. The testimony at trial established that, after she spent the night alone with her fourteen-month-old daughter, she

> took her daughter to the doctor with bruises and severe head trauma. [Petitioner] claimed that the baby suffered from congestion and that she had tried to revive the baby by pressing on her back on the floor. The baby was rushed to the hospital and directly into emergency surgery to drain blood from her head. At the hospital, it was also determined that both of the baby's eyes had severe internal bleeding that made her temporarily blind.

*Brosch*, 2008 WL 540301, at *1. Although Petitioner's expert witness "testified that the bleeding was chronic (slow and long term), not acute," "[d]octors at the hospital concluded that the injuries were inconsistent with what Brosch stated had happened because they only could have happened from nonaccidental head trauma." *Id.*

Petitioner has not submitted any credible new evidence in support of her claim that she is actually innocent of child abuse. Although she points to medical records indicating that her daughter suffered from respiratory failure, possible pneumonia, high levels of E-Coli, anemia, an abnormal thyroid level, and high blood sugar, she admits that physicians

also diagnosed a sub-dural hematoma and retinal hemorrhage.  Nothing in Petitioner's voluminous exhibits persuades the Court that, in light of the allegedly new evidence concerning her daughter's various medical symptoms, no reasonable juror would have voted to find Petitioner guilty of child abuse for causing severe head trauma.  Therefore, the AEDPA's limitations period applies here.

## III.  CONCLUSION

Petitioner filed her habeas corpus petition more than a year after her conviction became final, and application of the doctrine of equitable tolling is not appropriate here.  Petitioner has not made a credible showing of actual innocence.  The Court therefore grants Respondent's motion for summary judgment and dismissal of the habeas petition (Docket No. 16, filed Dec. 2, 2014) and dismisses the habeas corpus petition (Docket No. 1, filed Sept. 2, 2014).  The Court denies as moot Petitioner's motion for immediate relief from custody (Docket No. 15, filed Nov. 17, 2014), because it appears that Petitioner has been released on parole.  *See* Docket No. 21, filed on May 21, 2015 (Petitioner's change of address to her parents' home); *see also* http://mdocweb.state.mi.us/OTIS2/otis2.aspx (the State's Offender Tracking Information System indicating that Petitioner (inmate number 599194) was released on parole on May 27, 2015).

## IV.  REGARDING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a

9

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Petitioner's habeas corpus petition is clearly time-barred, reasonable jurists would not find the Court's procedural ruling debatable.  Reasonable jurists also would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealabilty.  Petitioner nevertheless may appeal this Court's decision *in forma pauperis*, because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager